UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. THOMPSON, III,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION *et al.*,<br><br>*Defendants*. | Civil Action No. 19-1795 (TJK) |

## MEMORANDUM OPINION

Plaintiff William H. Thompson III filed this action under the Administrative Procedure Act and 18 U.S.C. § 1001 challenging the National Highway Traffic Safety Administration's delayed adjudication and ultimate denial of his rulemaking petition regarding school bus warning signals. ECF No. 1. After the Government moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim, ECF No. 9, Thompson moved to amend his complaint, ECF No. 14, a request the Government opposed. For the reasons that follow, the Court will grant the Government's motion to dismiss for lack of subject-matter jurisdiction and deny Thompson's motion to amend as futile.

\* \* \*

The National Highway Traffic Safety Administration (NHTSA) administers the National Traffic and Motor Vehicle Safety Act, and the NHTSA administrator has been delegated authority to issue regulations governing motor vehicle safety standards. 49 C.F.R. § 1.95. "[I]nterested person[s]" may petition NHTSA to initiate rulemaking regarding these standards. 49 U.S.C. § 30162; *see also* 49 C.F.R. §§ 552.1–552.10. NHTSA "conducts a technical review of the petition," which "may consist of an analysis of the material submitted, together with

information already in the possession of the agency" and "may also include the collection of additional information, or a public meeting." 49 C.F.R. § 552.6. "After considering the technical review" and "taking into account appropriate factors, which may include, among others, allocation of agency resources, agency priorities and the likelihood of success in litigation which might arise from the order," NHTSA must "grant or deny the petition." *Id.* § 552.8. "If a petition is denied," the agency must "publish the reasons for the denial in the Federal Register." 49 U.S.C. § 30162(d).

In September 2012, Thompson filed such a petition with NHTSA seeking to amend regulations governing signal warning lamps on school buses. ECF No. 1 ("Compl.") ¶¶ 1–2. According to Thompson, under current regulations, the flashing of stopped school buses' amber warning lamps continues "for some *unknown* period of time" until they are "suddenly replaced by the flashing of red signal warning lamps," confusing drivers and causing traffic violations. *Id.* ¶¶ 2, 8. Therefore, in his petition, he proposed "a method using a *fixed* three second *interim* period between amber and red signal warning lamps, wherein opposing side red AND amber signal warning lamps alternately flash." *Id.* ¶ 2 (emphasis in original). NHTSA denied the petition in early 2018, publishing its decision in the Federal Register, *id.* ¶ 1, and notifying Thompson via letter, *id.* ¶ 14. Thompson then filed this suit in June 2019 against NHTSA and its Deputy Administrator, Heidi R. King, alleging that NHTSA's initial failure to act on his petition and eventual denial violated the APA, 5 U.S.C. § 706(1), (2)(A), and that the denial in the Federal Register contained false statements in violation of 18 U.S.C. § 1001. In his motion to amend, he seeks to add allegations that refer to additional miscellaneous provisions of the APA, assert that NHTSA was motivated by "ill agency intent," and claim that he "suffer[ed] due to agency misconduct," and felt the "distress of [the petition's] rejection." ECF No. 14 at 2–3.

\* \* \*

To survive a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a plaintiff bears the burden of establishing that the Court has jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). While the Court must accept as true all the factual allegations contained in the complaint when reviewing such a motion, *Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993), because the plaintiff has the burden of proof to establish jurisdiction, the plaintiff's factual allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim," *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (cleaned up). And while a *pro se* complaint must be construed liberally, *pro se* plaintiffs must still show that the court has subject-matter jurisdiction. *James v. United States*, 48 F. Supp. 3d 58, 63 (D.D.C. 2014).

Under Article III of the Constitution, an indispensable element of a court's subject-matter jurisdiction is the plaintiff's standing to bring its claims. *See Sweigert v. Perez*, 334 F. Supp. 3d 36, 40 (D.D.C. 2018). Challenges to a plaintiff's standing are thus properly brought as motions to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). "To survive a motion to dismiss for lack of standing, a complaint must state a plausible claim that the plaintiff has suffered an injury in fact fairly traceable to the actions of the defendant that is likely to be redressed by a favorable decision on the merits." *Humane Soc'y v. Vilsack*, 797 F.3d 4, 8 (D.C. Cir. 2015).

When evaluating a motion for leave to amend a complaint, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but has the discretion to deny such a motion when there exists "sufficient reason, such as futility of amendment, undue delay, bad

3

faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments." *Williams v. Savage*, 569 F. Supp. 2d 99, 105 (D.D.C. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  An amended complaint would be futile "if the proposed claim would not survive a motion to dismiss" under Rule 12(b)(6).  *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

*       *       *

As the Government argues, the Court concludes that Thompson does not have standing to challenge the denial of his petition to NHTSA.  "The fact that Congress may have given all interested parties the right to petition the agency does not in turn 'automatic[ally]' confer Article III standing" when a petition is denied.  *See Gettman v. DEA*, 290 F.3d 430, 433 (D.C. Cir. 2002) (quoting *Fund Democracy, LLC v. SEC*, 278 F.3d 21, 27 (D.C. Cir. 2002)).  Instead, a "plaintiff must demonstrate an underlying cognizable injury, aside from the petition denial itself, to seek review of that denial in federal court."  *Am. Sports Council v. U.S. Dep't of Educ.*, 850 F. Supp. 2d 288, 294 (D.D.C. 2012).  The injury must be "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Defs. of Wildlife*, 504 U.S. at 560 (cleaned up). And in a situation very similar to this one, the D.C. Circuit held that to show an "actual or imminent" injury from increased risk of car accidents caused by NHTSA's denial of a petition to initiate a rulemaking, a plaintiff must show "*both* (i) a *substantially* increased risk of harm and (ii) a *substantial* probability of harm with that increase taken into account" because "virtually *any* citizen can claim" such harm.  *Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 513 F.3d 234, 237 (D.C. Cir. 2008) (emphasis in original) (internal quotation omitted).

Because Thompson has not alleged any injury other than the mere denial of his petition, he lacks standing to challenge NHTSA's decision under 5 U.S.C. § 706(2)(A).  Indeed, the

4

warning lamps at issue in his petition are intended to protect children getting on and off school buses, and he does not assert any way in which the petition's denial would increase the risk or probability of harm to him.  And his proposed amendment to his complaint merely points back to the denial as his purported injury, alleging "suffering" and "distress" because of it; as such, amendment would be futile.  ECF No. 14 at 2.  Nor has Thompson, in his complaint or proposed amendment, asserted any injury associated with the purported delay in NHTSA's processing of his petition under 5 U.S.C. § 706(1), and it is hard to see how he could, given that he has shown no cognizable injury from the petition's denial.  In any event, given that Thompson acknowledges that NHTSA denied the petition before he filed suit, the Court lacks subject-matter jurisdiction to consider his § 706(1) claim because "[t]he Court can no longer grant any relief beyond that already provided by [NHTSA's] responses." *Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, 794 F. Supp. 2d 39, 46 (D.D.C. 2011).

      Finally, Thompson also lacks standing to bring a claim under 18 U.S.C. § 1001.  "A court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 when the face of the Complaint 'establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Frederick v. Hillyer*, 82 F. Supp. 3d 435, 438 (D.D.C. 2015) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).  As the Government point out, "18 U.S.C. § 1001 . . . does not create a private right of action," *Lee v. U.S. Agency for Int'l Devel.*, 859 F.3d 74, 78 (D.C. Cir. 2017), and Thompson's right to relief does not depend on a resolution of a substantial question of federal law.  Therefore, the Court does not have subject-matter jurisdiction to hear this claim, and no amendment could cure the lack of a private cause of action under this statute.

\*   \*   \*

For all these reasons, Defendants' Motion to Dismiss, ECF No. 9, will be **GRANTED**, and Plaintiff's Motion to Amend, ECF No. 14, will be **DENIED**.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 18, 2020